Filed
2/20/2024 12:00 AM
Esther Degollado
District Clerk
Webb District
Janellie J. Berlanga
2024CVF000069D1

**CAUSE NO. 2024CVF000069D1**

| | | |
|---|---|---|
| **CINDY MARTINEZ,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **49th JUDICIAL DISTRICT** |
| | § | |
| **MACY'S RETAIL HOLDINGS, INC., AND SCHINDLER ENTERPRISES, INC.,** | § | |
| | § | **WEBB COUNTY, TEXAS** |
| *Defendants.* | | |

**PLAINTIFF'S SECOND AMENDED PETITION**

Plaintiff, Cindy Martinez, files this Second Amended Petition, complaining of the acts or omissions of Defendants, Macy's Retail Holdings, LLC, and Schindler Elevator Corporation and respectfully shows the Court as follows:

## I.
## DISCOVERY CONTROL PLAN

1. Plaintiff intends that discovery be conducted under Discovery Level 2.

## II.
## PARTIES & SERVICE

2. Plaintiff, Cindy Martinez (hereinafter referred to as "Plaintiff"), is an individual who resides in Webb County, Texas.

3. Defendant, Macy's Retail Holdings, LLC, (hereinafter referred to as "Defendant-Macy's") is a corporation doing business in the State of Texas and may be served with process through its registered agent C T CORPORATION SYSTEM, at 1999 BRYAN ST., SUITE 900 DALLAS, TX 75201.

4. Defendant, Schindler Elevator Corporation, (hereinafter referred to as "Defendant-SEC") is a corporation doing business in the State of Texas and may be served with process through its



EXHIBIT
A

registered agent, C T CORPORATION SYSTEM at 1999 BRYAN ST., SUITE 900 DALLAS, TX 75201.

## III.
## JURISDICTION & VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. This court has personal jurisdiction over the parties because all or a substantial part of the events giving rise to this dispute occurred within the State of Texas.

7. Venue is proper in Webb County under section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## IV.
## FACTS

8. On or around May 13, 2022, Plaintiff was lawfully on Defendant-Macy's premises located at 5300 San Dario Ave, Laredo, TX 78041. Plaintiff was going up the escalator when it suddenly, and without warning, stopped causing Plaintiff's knee to jerk forward causing severe bodily injuries.

9. Plaintiff was approached by one of Defendant-Macy's employees and was advised to file a report of the incident because the escalator had not been functioning properly for weeks.

10. While the manager on duty completed the incident report, Plaintiff witnessed the escalator abruptly stop again. As a result, the manager on duty instructed the escalator to be turned off immediately.

11. A condition on Defendant-Macy's premises posed an unreasonable risk of harm. While on the premises, Plaintiff suffered severe injuries due to the improper maintenance of the escalator, missing signage and/or disrepair of the escalator, all which caused her significant injuries.

12. Defendant- SEC installed the escalators and was contracted to provide routine maintenance and repair to the escalators on Defendant-Macy's premises.

13. Both Defendants failed to make sure the escalator was functioning properly and further remedy any defect that could potentially cause injury to invitees.

14. Both Defendants knew or reasonably should have known of the condition of the premises.

15. Based on information and belief, and at all times relative to the subject incident, the premises wherein the subject incident occurred was not properly maintained by both Defendants and was in a ruinous and/or defective manner which constituted an unreasonably dangerous condition.

16. Both Defendants had a duty to use ordinary care to ensure that the premises, in particular the escalator, was functioning properly and did not present a danger to Plaintiff. This duty includes the duty to inspect and the duty to warn or to cure.

## V.
## CAUSES OF ACTION
## COUNT I: PREMISES CLAIM BY INVITEE

17. Defendant-Macy's is the owner of the premises located at 5300 San Dario Ave, Laredo, TX 78041.

18. Plaintiff entered Defendant-Macy's premises in response to Defendant-Macy's general invitation and for their mutual benefit. Plaintiff was a patron of Defendant-Macy's.

19. A condition on Defendant-Macy's premises posed an unreasonable risk of harm, Defendants-Macy's and SEC failed to ensure the hazardous escalator was repaired, or warning signage was present and further remedy any defect on the premises that could potentially cause injury to invitees.

20. Defendants knew or reasonable should have known of the escalator malfunction that could potentially cause injury to invitees to her home.

21. Defendants had a duty to use reasonable care to ensure that the escalator and/or premises did not present a danger to Plaintiff. This duty includes the duty to inspect, the duty to maintain and the duty to warn or to cure. Defendants breached the duty of reasonable care by failing to maintain and/or repair the premises and/or reasonably remedy the hazard in a manner a reasonably careful person could use to avoid unreasonable risk of harm to a person on its premises.

22. The Defendants breach of duty proximately caused injury to Plaintiff, which resulted in severe bodily injury.

**COUNT II: NEGLIGENCE**

23. Plaintiff incorporates all other paragraphs by reference here fully.

24. In the alternative and in addition to all other counts, Plaintiff's injury was the result of Defendants' ongoing negligent activity on the premises at the time of the injury.

25. Defendants, jointly, individually or through their agents, servants, employees, contractors, and/or managers, had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances like those described herein. Defendants, jointly, individually, or through their agents, servants, employees, contractors, and/or managers, breached that duty by:

A. Failing to exercise the degree of care that a reasonably careful person would use to avoid harm to a person; and

B. Failure to use reasonable care to investigate and/or remedy the existence of unreasonable and foreseeable harm to Plaintiff.

26. As a result of these negligent acts and omissions of Defendants, including but not limited to those set forth above, were a direct and proximate cause of Plaintiff's damages. As a result of

these actions, Plaintiff has sustained medical expenses, past and future economic loss, permanent physical disfigurement, pain and suffering, and substantial mental anguish, grief, and emotional distress, for which she now seeks relief.

**COUNT III: GROSS NEGLIGENCE**

27. Plaintiff incorporates all other paragraphs by reference herein fully.

28. Defendants' acts and omissions, viewed objectively from the standpoint of the actor at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.

29. Defendants had actual and subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

30. Plaintiff, therefore, seeks exemplary damages in an amount within the jurisdictional limits of the court.

**COUNT IV: *RESPONDEAT SUPERIOR***

31. Plaintiff incorporates all other paragraphs by reference here fully.

32. Whenever in this petition it is alleged that Defendants did or failed to do any particular act and/or omission, it is meant that Defendants, acting individually, or by and through their agents, officers, directors, servants, and employees, either did or failed to do that particular act and/or omission in the course and scope of their employment, agency, or contract with Defendants and in furtherance of Defendants' business.

33. Therefore, under the doctrine of *respondeat superior*, Defendants are vicariously liable for the acts and omissions of their agents, officers, directors, servants, and employees in the course of scope of their employment, as further outlined in this petition and incorporated by reference here fully.

## VI.
## DAMAGES

34. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff Cindy Martinez, has suffered severe injuries and incurred the following damages:

A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Cindy Martinez, for the necessary care and treatment of her injuries resulting from the acts and/or omissions of Defendants complained of herein and such charges are reasonable and were usual and customary charges for such services in Webb County, Texas and/or the surrounding counties;

B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C. Physical pain and suffering in the past;

D. Physical pain and suffering in the future;

E. Physical impairment in the past;

F. Physical impairment which, in all reasonable probability, will be suffered in the future;

G. Mental anguish in the past;

H. Mental anguish in the future;

I. Disfigurement in the past and future;

J. Cost of medical monitoring and prevention in the future;

K. Lost wages in the past as a result of Plaintiff's inability to perform duties required at her place of employment due to injuries resulting from the acts and/or omissions of Defendants complained of herein;

L. Lost wages in the future as a result of Plaintiff's inability to perform duties at her place of employment due to injuries resulting from the acts and/or omissions of Defendants complained of herein; and

M. Any and all other damages to which Plaintiff shows entitlement in law or equity through the course of this proceeding.

## VII.

## EXEMPLARY DAMAGES

35. Defendants' acts or omissions described above, when viewed from the standpoint of Defendants at the time of their acts and/or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk involved in the above-described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

36. Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendants.

## VIII.
## RULE 47 STATEMENT OF MONETARY RELIEF SOUGHT

37. Plaintiff prefers to have the jury determine the fair amount of compensation for Plaintiff's damages. It is early in the case to be assessing the full nature and scope of Plaintiff's injuries, and Plaintiff places the decision regarding the amount of compensation to be awarded in the jury's hands.

38. Texas Rule of Civil Procedure 47, however, *requires* Plaintiff to provide a statement regarding the amount of monetary relief sought. Accordingly, Plaintiff states that monetary relief of over $1,000,000.00 in amount to be determined by the jury, is being sought.

## IX.
## JURY TRIAL

39. Plaintiff hereby requests a trial by jury on all claims.

## X.
## NOTICE OF INTENT TO USE DISCOVERY AT TRIAL

40. Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives notice that she intends to use all discovery instruments produced in this case at trial.

**XI.**
**CONCLUSION & PRAYER**

For these reasons, Plaintiff, Cindy Martinez, respectfully prays that Defendants, Macy's Retail Holdings, Inc., and Schindler Enterprises, Inc., be cited to appear and answer herein, and, upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; exemplary damages, excluding interest, and as allowed by section 41.008 of the Texas Civil Practice and Remedies Code, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate; costs of court; and such other and further relief to which the Court determines Plaintiff may be entitled at law or in equity.

*[Signature on following page]*

Respectfully submitted,

Rachel Deckelmann

Bryant A. Fitts
Texas State Bar No. 24040904
bfitts@fittslawfirm.com
Rachel Martin-Deckelmann
Texas State Bar No. 24118263
Louisiana State Bar No. 32195
rdeckelmann@fittslawfirm.com
FITTS LAW FIRM, PLLC
4801 Richmond Avenue
Houston, Texas 77027
Telephone 713.871.1670
Facsimile 713.583.1492
ESERVICE: efile@fittslawfirm.com

**ATTORNEYS FOR PLAINTIFF
CINDY MARTINEZ**